**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MURRAY M. COLVARD, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:13-CV-3422-RWS |
| LEE MAY, Interim Chief : | |
| Executive Officer Dekalb County, : | |
| and JUDGE BERRYL : | |
| ANDERSON, : | |
| | |
| Defendants. | |

### **ORDER**

This case is before the Court on Defendants' Motion to Dismiss [7], Plaintiff's Motion to Transfer [12], Plaintiff's Motion for Reconsideration [21], and Plaintiff's Motion for Order [24]. After reviewing the record and the Parties' submissions, the Court enters the following Order.

### **Background**[1]

Plaintiff was evicted from his home at 2035 Memorial Drive, Apartment 1801, Atlanta, Georgia ("Property"), on August 22, 2013. Magistrate Judge Anderson signed a writ of possession on that date commanding the marshal to

---

[1] The facts are taken from Plaintiff's Complaint [2].

evict Plaintiff and his belongings from the Property. (Writ of possession, [2] at 3 of 6.) Plaintiff alleges that Defendants "worked together" to unlawfully evict him in violation of 42 U.S.C. § 1983, and that Dekalb County continuously harassed him by putting out an unlawful "BOLO" out on him, tracking his phone, and placing video devices inside his apartment. Plaintiff asserts § 1983 claims for: false imprisonment, harassment, due process violations, human rights violations, and other civil rights violations. Plaintiff seeks damages in the amount of $25,000,000.

Defendants now move under Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss all claims against them. Plaintiff has not responded to Defendants' motion. Therefore, the motion is deemed unopposed. N.D. Ga. L.R. 7.1B.

## Discussion

### I. Motion to Dismiss Legal Standard

Rule 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will

not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R. Civ. P. 12(d).  However, documents attached to a complaint are considered part of the complaint.  Fed. R. Civ. P. 10(c).  Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim.  D.L. Day, 400 F.3d at 1276.  At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)).  "'Undisputed' means that the authenticity of the document is not challenged." Id.

## II.    Defendants' Motion to Dismiss

Defendants argue that Judge Anderson, who was acting in her official capacity, has absolute immunity from civil liability under § 1983.  The Court agrees.  "Judges are absolutely immune from civil liability under section 1983 for acts performed in their judicial capacity, provided such acts are not done in

4

the clear absence of jurisdiction." Roland v. Phillips, 19 F.3d 552, 555 (11th Cir. 1994) (internal quotations and citation omitted).  The only allegation in Plaintiff's Complaint pertaining to Judge Anderson is that she signed the writ of possession ordering Plaintiff's eviction.  In Georgia, magistrate judges have jurisdiction over the issuance of writs in dispossessory proceedings. O.C.G.A. § 15-10-2(6).  Therefore, Judge Anderson's official act was not in the clear absence of jurisdiction and she is entitled to immunity.  Accordingly, Plaintiff's claims against Judge Anderson are **DISMISSED**.

It is difficult to ascertain from the Complaint the specific allegations against Defendant May.  Plaintiff does not appear to allege that Defendant May, in his role as Chief Executive Officer ("CEO") of Dekalb County, carried out the "unlawful" eviction.  Instead, Plaintiff refers to a larger pattern of "continuos harassment" by Dekalb County, suggesting a supervisory theory of liability.

As Defendants argue, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dept. of Soc. Serv.s, 436 U.S. 658, 691 (1978).  Only when a government entity's policy or custom causes the injury can the government entity be held responsible under § 1983. Id. at 694.

5

Plaintiff's Complaint is devoid of allegations that would establish liability on the part of Mr. May or Dekalb County.  Therefore, Plaintiff's claims against Defendant May are **DISMISSED.**[2]

### III.   Plaintiff's Motions

Plaintiff moves to transfer this case because, he alleges, the Court has "personally harassed" him and has allowed defendants in three other cases to harass him.  (Motion to Transfer, [12].)  Further, he alleges, the Court has signed unlawful orders and violated court procedures.  (Id.)  Plaintiff provides no factual basis for these assertions and cites no legal authority to suggest that transfer is proper.  Therefore, Plaintiff's Motion to Transfer [12] is **DENIED.**

Plaintiff also moves for reconsideration of the Court's Order dated January 9, 2014 [13].  The Order denied Plaintiff's motion for default judgment because, the Court found, Defendants filed a timely motion to dismiss and therefore were not in default.  (Order, [13] at 1 of 2.)  Under the local rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice."  L.R. N.D.Ga. 7.2E.  Rather, motions for reconsideration are

---

[2] To the extent Plaintiff attempts to assert direct claims for constitutional violations against Mr. May in his individual capacity, the Complaint clearly does not satisfy Rule 8's pleading standard.

proper only when: (1) there is newly discovered evidence; (2) there has been an intervening development or change in controlling law; or (3) there is a need to correct a clear error of law or fact. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). Plaintiff has not identified or relied upon any of these bases for reconsideration. Instead, he advances the same argument he put forth in support of his motion for default judgment: Defendants failed to file an answer to his Complaint.

Plaintiff's recycled argument does not alter the Court's finding that Defendants filed a timely *pre-answer* motion to dismiss and were thus not in default. Therefore, Plaintiff's Motion for Reconsideration [21] is **DENIED**. Plaintiff's final motion, labeled "Request for Order" [24], seeks an Order on Plaintiff's Motion for Reconsideration. The Court has now addressed the motion for reconsideration and therefore, the Motion for Order [24] is **DENIED as moot.**

## Conclusion

Based on the foregoing, Defendants' Motion to Dismiss [7] is **GRANTED**; Plaintiff's Motion to Transfer [12] is **DENIED**; Plaintiff's Motion

7

AO 72A
(Rev.8/82)

for Reconsideration [21] is **DENIED**; and Plaintiff's Motion for Order [24] is **DENIED as moot**. The Clerk is directed to close the case.

    **SO ORDERED**, this 18th day of June, 2014.

_____
**RICHARD W. STORY**
United States District Judge